IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10132
(Summary Calendar)
_____


JOHN OTIS VINEYARD,

Petitioner-Appellant,


versus


D. L. "SONNY" KEESEE, ET AL.,

Respondents-Appellees.

_____

Appeal from the United Sates District Court
for the Northern District of Texas
(5:94-CV-49-C)
_____
(October 18, 1995)


Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[1]

Petitioner-Appellant John Otis Vineyard ("Vineyard") appeals the district court's dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2241 and 2254 against D. L. "Sonny" Keesee; the Attorney General of Texas; and Wayne Scott, the Director of the Texas Department of Criminal Justice--Institutional Division ("the State" or "Respondents"). On appeal Vineyard raises issues

---

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

implicating the Ex Post Facto Clause and the Due Process Clause of the United States Constitution, as well as the district court's failure to hold an evidentiary hearing and denial of discovery. Vineyard has also filed motions for appointment of counsel and class certification.

I

FACTS AND PROCEEDINGS

Vineyard was found guilty by a state jury of the felony offense of aggravated robbery and received a 25-year term of incarceration. His sentence and conviction were affirmed on direct appeal. Vineyard, having filed numerous state applications for habeas relief, all of which were denied either without written order or without a hearing, has exhausted state remedies.

In the instant federal habeas petition, Vineyard raised fourteen allegations challenging the Texas parole statutes, his parole status, and the revocation of his parole. Respondents answered and moved for summary judgment, after which Vineyard filed an opposition and his own motion for summary judgment. The magistrate judge recommended dismissal of Vineyard's petition with prejudice. Vineyard filed objections which the district court overruled when it adopted the magistrate judge's recommendation. Final judgment was entered accordingly. Vineyard timely filed a notice of appeal, requesting a certificate of probable cause (CPC) which the district court denied. Vineyard appealed.

II

ANALYSIS

a.  Certificate of probable cause

The State takes the position that a CPC is necessary.  It is not.  Vineyard's petition deals with parole revocation procedures and issues, not with his original conviction.  The issuance of a CPC is required to take an appeal from a final order in a habeas corpus proceeding only when "the detention complained of arises out of process issued by a State Court." *See* 28 U.S.C. § 2253.  A CPC is not needed to provide appellate jurisdiction here, as Vineyard's present detention does not arise out of process issued by a state court.  Vineyard is not contesting the legality of his conviction or the validity of his initial sentence.  Rather he is contesting the manner in which his sentence is being executed by the Texas Department of Criminal Justice, Pardons and Paroles Division, which claim arises under 18 U.S.C. § 2241. *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990).

b.  Condition of parole as ex post facto violation.

Vineyard contended in the district court that he was subjected to a number of conditions of parole that amount to ex post facto violations; specifically, electronic monitoring, urinalysis, driving restrictions, curfew, and the forced payment of fees.  If a legislative change alters the definition of criminal conduct or increases the penalty by which a crime is punishable it violates the ex post facto prohibition. *Collins v. Youngblood*, 497 U.S. 37, 41 (1990).  Our analysis here must focus on whether the change in Texas parole laws increased the penalty by which Vineyard's crime could be punished. A statute may be impermissibly retrospective,

3

"even if it alters punitive conditions outside the sentence itself." *Weaver v. Graham*, 450 U.S. 24, 32 (1981). A condition of parole could be construed as a punitive condition--that is, as a "legal consequence" attaching to the commission of a crime--in two different respects. First, a condition of parole could affect the length of sentence if the condition was so onerous that it was effectively impossible to meet. *Murray v. Phelps*, No. 88-3302 (5th Cir. Feb. 3, 1989)(unpublished, reprinted as Appendix to *Sheppard v. La. Bd. of Parole,* 873 F.2d 761, 764 (5th Cir. 1989)). Second, because the Ex Post Facto Clause does not apply only to sentence length, but to any *punishment*, a monetary payment--whether labeled as payment of supervision costs, as restitution, or as a fine--that flows from the commission of the underlying crime, rather than from some subsequent act of the parolee, could be construed as a part of the punishment of that crime because the payment is a condition of the parolee's continued release from prison. *Id*. Few parole conditions other than required fees or payments would be susceptible to this analysis. *Id*. At 764, n.4. Conditions regulating the parolee's conduct are analogous to recidivist statutes which have not been found to violate the Ex Post Facto clause. *See id.* Both habitual offender statutes and legislation prohibiting previously convicted felons from undertaking certain activities have withstood ex post facto scrutiny. *See DeVeau v. Braisted*, 363 U.S. 144, 160 (1960) (law prohibiting previously convicted felons from participating in waterfront labor unions not ex post facto increase in punishment); *McDonald v. Massachusetts,*

4

180 U.S. 311 (1901) (laws creating aggravated penalties for recidivist criminal activity not ex post facto even though predicate offense predates statute); *United States v. Sutton*, 521 F.2d 1385, 1390-91 (7th Cir. 1975) (Congress constitutionally allowed to restrict criminals whose felonies occurred in the past from receiving firearms.)

The electronic monitoring, urinalysis, driving restrictions, and curfew in question are neither so onerous that they are effectively impossible to meet, nor are they a monetary payment. No ex post facto violations have occurred with regard to these conditions.

Although Vineyard lists "payment of fees" along with other allegedly unconstitutional conditions of parole, there is no genuine issue of material fact concerning his parole fees claim. The evidence in the record conclusively shows that nonpayment of fees was not alleged or considered as a factor meriting parole revocation. In fact, the record is devoid of evidence that Vineyard ever paid fees related to his parole, and, if so, pursuant to what authority. Even Vineyard's pleadings are unclear concerning which fees he contends were imposed on him in violation of the ex post facto prohibition. Vineyard may have been required to pay a monthly parole supervision fee pursuant to art. 42.18(j). However, such payments can be deferred at a parolee's request, and inability to pay is an affirmative defense to revocation. It is not apparent from the record if Vineyard ever payed supervision fees. It is therefore unnecessary and, for that matter, impossible

5

for the Court to determine if these unspecified fees were unconstitutional as Vineyard claims.

C. Parole release versus certificate of discharge

Vineyard argues that an ex post facto violation occurred when he was given a "parole release" rather than a certificate of discharge, to which he insists he was entitled. He contends that a Texas statutory amendment negatively affected the use of good time credits regarding release from prison. This position is foreclosed by unpublished Fifth Circuit precedent, which holds, "[a]n amendment to a state's parole eligibility procedure is not an ex post facto law." *In re Downs*, No 95-50282, slip op. at 2 (5th Cir. June 1995) (unpublished) (copy attached), citing *California Dep't of Corrections v. Morales*, 115 S. Ct. 1597, 1599 (1995). In that case, Downs sought leave to proceed *in forma pauperis* (IFP) in an appeal attacking an unspecified "change in the way that Texas prisoners accrue good time." *Downs*, slip op. at 2. This Court summarily denied IFP and dismissed his appeal as frivolous, focusing instead on the imposition of sanctions against Downs for a death threat against the district judge. The apparent broadness with which we stated the rule is belied both by the narrow circumstances presented by *Downs*, and by the Supreme Court's opinion in *Morales,* on which *Downs* relied*.* However, we must save the question of the breadth of *Downs* in light of *Morales* for another day, because Vineyard's claims fails on independent grounds of statutory construction.

The prior Texas statute, on which Vineyard relies, provided

that good time earned could be counted to reduce the length of time an inmate had to serve. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23 (Vernon 1979) (repealed). In 1977, before Vineyard committed his crime, the legislature amended the parole statute to provide for release on mandatory supervision when an inmate's calendar time and good time equaled his maximum sentence. Acts 1977, 65th Leg., ch. 347 § 1. Release on mandatory supervision was a form of parole, requiring the releasee to report to a parole officer and to abide by certain conditions of release. By not repealing § 23, however, the legislature created a conflict between the practices of discharging a sentence and mandatory supervision. In such a situation, rules of statutory construction require that the latest enacted statute prevail over the one passed first. TEX. GOV. CODE ANN. § 311.025(a) (Vernon 1988). In addition it must be presumed that the legislature intended to give effect to the practice of mandatory supervision when it created it. *Id*. § 311.021. Thus, the provisions relating to mandatory supervision take precedence over § 23's allowance of a full discharge of a sentence.[2]

D. Due process

Vineyard next contends that he was denied due process in connection with his parole revocation hearing. The minimum requirements of procedural due process for revocation hearings

---

The inconsistency was corrected in 1985, when the legislature formally ended the practice of discharging a sentence. *See* Acts 1985, 69th Leg., ch. 239 § 80(a). The repealing act provided that it did not apply to inmates who had less than twelve months remaining before being eligible for a discharge certificate. Vineyard has neither contended nor shown that he met this criterion.

include: 1) written notice of the claimed violations of parole; 2) the disclosure to the parolee of evidence against him; 3) the opportunity to be heard in person and to present witnesses and documentary evidence; 4) the qualified right to confront and cross-examine adverse witnesses; 5) a neutral and detached hearing body; and 6) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

An admission of a violation waives the *Morrissey* protections, provided that the violation is a "possible ground[] for revoking parole under state standards." *Id*. at 490; *United States v. Holland*, 850 F.2d 1048, 1050-51 (5th Cir. 1988) (probation violation). In addition, a parolee "who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Holland*, 850 F.2d at 1051.

A "Report of Violation" dated September 2, 1993, indicates that Vineyard admitted (1) violating electronic monitoring twice, and (2) drinking alcoholic beverages. Subsequently, at his preliminary revocation hearing, Vineyard denied the violations that he had previously admitted, but admitted violating the rule that prohibited driving without permission. An attorney work sheet indicates that when interviewed on September 23, 1993, Vineyard denied committing various violations but that he "had already admitted to these" violations on September 2, 1993.

Vineyard's certificate of parole specifically states that he

8

must have the Board's "written permission to drive," and that any violation of the conditions of parole "shall be sufficient cause for revocation." The record of Vineyard's parole revocation proceedings indicates that he was given the opportunity to offer mitigating evidence but did not do so. Vineyard has clearly waived any due process violations.

d. Evidentiary hearing; discovery

Vineyard also contends that the district court erred by not conducting an evidentiary hearing nor permitting discovery.. He does not specifically allege what discovery or an evidentiary hearing would have revealed.

An evidentiary hearing was not necessary here because the record before the district court was adequate for a disposition of the case. *See Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988) (§ 2254 case). Neither was discovery required. Little authority exists regarding the ambit of, and procedure for, discovery in § 2241 cases. The Federal Rules of Civil Procedure are not normally applicable to § 2241 proceedings, but 28 U.S.C. § 2246 authorizes interrogatories in limited circumstances. A district court, when presented with a § 2241 petition that establishes a prima facie case for relief, "may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to dispose of the matter." *Harris v. Nelson*, 394 U.S. 286, 290 (1969) (internal quotation omitted) (citing 28 U.S.C. § 2243); *see also Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (rules of pretrial

9

discovery are not applicable to habeas corpus proceedings unless necessary to help the court dispose of the matter as law and justice require).

In § 2254 proceedings, district court have the discretion to permit discovery on a showing of good cause under Rule 6 of the § 2254 Rules. Still, conclusional allegations are not enough to warrant discovery under Rule 6; a petitioner must set forth specific allegations of fact. *Id; see also Willie v. Maggio*, 737 F.2d 1372, 1395 (5th Cir.), *cert. denied,* 469 U.S. 1002 (1984).

Vineyard has not shown the existence of specific factual disputes warranting discovery.. He has not presented a petition that establishes a prima facie case for relief; neither has shown that discovery is required to dispose of the matter as law and justice require.

e. Appointment of counsel; class certification

Vineyard also requests, without stating why or offering specific support, the appointment of counsel and class certification. He made similar requests in the district court, both of which were denied. Claims such as these, which are not adequately argued in the body of a brief, are deemed abandoned on appeal. *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To the extent he is seeking the appointment of counsel on appeal, he has not demonstrated that his appeal presents exceptional circumstances warranting such an appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (§ 1983 case).

10

III

CONCLUSION

Based on the foregoing, the district court's judgment is affirmed, and Vineyard's motions for appointment of counsel and class certification are denied.

AFFIRMED. MOTIONS DENIED.