IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11424
Summary Calendar
_____

JAMES EARL CANNON,

Plaintiff-Appellant,

versus

W. HOWARD, Warden, in her
Individual Capacity;
C. HURST, Hospital Administrator,
in his Individual Capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 5:99-CV-266-C
_____

June 30, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James Earl Cannon, Texas prisoner # 607764, appeals the
district court's dismissal of his civil rights complaint against
W. Howard and C. Hurst as frivolous.  He asserts that he should
have been given the opportunity to provide additional information
to the court.  A dismissal of an *in forma pauperis* (IFP) complaint
as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed
for abuse of discretion.  Siglar v. Hightower, 112 F.3d 191, 193
(5th Cir. 1997).  Because the district court did not request

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

additional information from Cannon to clarify his complaint, the appellate court must determine whether Cannon's allegations, if developed further, "might have presented a nonfrivolous section 1983 claim." Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

Cannon asserts that the district court improperly characterized his claims against Howard as interference with access to the courts. He maintains that he was denied due process because he had no notice that Howard could dismiss his prisoner grievance after Cannon refused to grant an extension of time for the prison to file a response. Cannon was aware of the consequences of his refusal to grant the extension through the extension request, and his due process rights were not violated.

Cannon also asserts that Howard misused her power by dismissing his grievance. To the extent he asserts that he was denied access to the prison grievance procedure, this could be a cognizable § 1983 claim. Jackson v. Cain, 864 F.2d 1235, 1248-49 (5th Cir. 1989). However, Cannon's own refusal to grant the extension prevented him from proceeding with the grievance proceedings, not Howard's interference. To the extent he asserts that Howard violated prison policies, such an alleged violation does not give rise to a constitutional violation by itself. Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). To the extent Cannon argues that Howard had no authority to create such a policy, he has provided no support for this belief.

Cannon also contends that Howard's extension request constituted a "threat" and that the dismissal penalized him for filing a grievance. The language of the extension request and the circumstances under which Cannon was requested to accept an extension in no way constitute a threat. Although prison officials may not retaliate against a prisoner for using a prison grievance procedure, see Jackson, 864 F.2d at 1248-49, Howard's dismissal of Cannon's grievance was not a punishment or retaliation for Cannon's initial filing of a grievance.

Cannon also asserts that the district court abused its discretion in dismissing his complaint against Hurst with prejudice under Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327 (1986). He contends that Hurst's actions were intentional and that Hurst converted money from Cannon's prison account. An intentional taking of property may also survive a due process challenge if an adequate postdeprivation remedy exists. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Sheppard v. Louisiana Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989). Cannon has cited no authority for the assertion that the Parratt/Hudson doctrine does not apply to the taking of money as well as personal property.

Cannon has not shown that the district court abused its discretion by dismissing his civil rights complaint as frivolous. The district court's dismissal is

A F F I R M E D.

3