IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-31079
Summary Calendar

AIMUAMWOSA JOHNBULL IGBINOSUN;
JIM & LU ENTERPRISES, INC., doing
business as Jim & Lu's Grocery,

Plaintiffs-Appellants,

versus

W.T. WINFIELD; E.J. RHODES; ALCOHOLIC
BEVERAGE CONTROL BOARD, of the City
of Baton Rouge & East Baton Rouge
Parish; CITY OF BATON ROUGE; J.
MARCUS WRIGHT; STERLING ANTHONY; ED
CAMPENELLA; TODD COLE; LEROY COLTER;
WATSON TEBO; JERRY ARBOUR; MIKE
WALKER; MILTON LEE,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-450-A
- - - - - - - - - - -
December 15, 2000

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Aimuamwosa Johnbull Igbinosun and Jim & Lu's Enterprises,

Inc. ("Jim & Lu's") appeal the district court's judgments

dismissing their civil rights challenges under 42 U.S.C. § 1983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as barred from federal review under the Parratt/Hudson** doctrine and the court's dismissal of their challenges to the constitutionality of Baton Rouge City Ordinance § 1:152(10) as barred by the Younger*** abstention doctrine. We have reviewed the record, the briefs of the parties, and the applicable law, and we find no reversible error.

Jim & Lu's filed a state action in June 1998 raising the same "important state interest" issues they raised in their federal action: a challenge to the constitutionality of the city ordinance; alleged due process violations; and arbitrary, capricious, and unauthorized denial of their liquor license. Although the state action was filed subsequent to the federal proceedings, the state proceedings were pending when the district court ordered the parties to brief the issue whether such proceedings were ongoing so that the Younger abstention was applicable. The district court did not abuse its discretion by invoking the Younger abstention to dismiss Jim & Lu's federal challenge to the constitutionality of § 1:152(10). See Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489-90 (5th Cir. 1995).

Additionally, based upon the allegations in Jim & Lu's complaint, the district court properly determined that the

---

** Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

*** Younger v. Harris, 401 U.S. 37, 45 (1971).

alleged illegal conspiracy among the defendants could not have been predicted or countered by the state "predeprivation," and that the alleged arbitrary actions of the defendants was unauthorized.  The court also determined correctly that Jim & Lu's had access to adequate postdeprivation remedies under state law pursuant to La. Rev. Stat. Ann. § 33:4788, which provides for appeals from the suspension or revocation of permits, including alcoholic beverage control boards' revocations of liquor licenses.  Id.  Under Parratt/Hudson then, Jim & Lu's cannot raise their civil rights claims in the instant § 1983 suit.  See Sheppard v. Louisiana Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989) (quoting Hudson, 468 U.S. at 533-35).

AFFIRMED.