IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20507
Summary Calendar
_____

JOHN O'NEAL HENRY,

Plaintiff-Appellant,

versus

BOARD OF PARDONS AND PAROLES; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-279
--------------------
September 17, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

John O'Neal Henry, Texas prisoner # 324238, seeks to proceed in forma pauperis ("IFP") in the appeal of the dismissal of his civil rights complaint as frivolous under 28 U.S.C. § 1915. By moving for IFP, Henry is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Henry challenges the district court's decision to dismiss as frivolous his claim that his constitutional rights were violated when Tex. Code Crim. P. art. 42.18, pertaining to parole, was applied to him instead of Tex. Code Crim. P. art. 42.12, which applied at the time of his conviction. Henry had alleged that his rights were violated because article 42.18 requires parolees to pay a supervisory parole fee and does not mandate annual parole review. Henry also challenges the district court's decision to dismiss as frivolous his claim that his rights under Title II of the Americans with Disabilities Act ("ADA") were violated because he has been denied access to a substance abuse program on account of his hearing impairment. Henry's IFP motion does not challenge the district court's dismissal as frivolous of his race discrimination claim, Rehabilitation Act ("RA") claim, and claims stemming from the alleged denial of good time and street time credits, and thus any arguments in that regard are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court did not abuse its discretion in dismissing as frivolous Henry's claim that application of Tex. Code Crim. P. art. 42.18 to him is unconstitutional because it allows for parole review at greater than one-year intervals. See Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995).

The district court abused its discretion in dismissing as frivolous Henry's claim that application of Tex. Code Crim. P. art. 42.18 to him violates the Ex Post Facto Clause because the statute requires payment of a supervisory parole fee that was not

required by Tex. Code Crim. P. art. 42.12.  See Sheppard v. Louisiana Bd. of Parole, 873 F.2d 761, 764-65 (5th Cir. 1989)(*citing Murray v. Phelps*, No. 88-3302 (February 3rd, 1989), in attached Appendix I)(remanding for examination by district court a 42 U.S.C. § 1983 claim asserting that a Louisiana statute requiring parolees to pay a supervisory violated the Ex Post Facto Clause).

The district court also abused its discretion in dismissing Henry's ADA claim in reliance on Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 121 S. Ct. 955 (2001).  That case held that Title I of the ADA did not abrogate the states' Eleventh Amendment immunity from suit for money damages, but the Court did not decide whether a suit for damages may be maintained under Title II of the ADA.  See Garrett, 121 S. Ct. at 960 n.1. This court has not decided whether Garrett applies to Title II ADA suits.  See Shaboon v. Duncan, 252 F.3d 722, 757 (5th Cir. 2001).  Further, liberally construed, Henry's complaint sought injunctive as well as monetary relief.  The district court's dismissal of the claim as frivolous without further factual development was premature.  See Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993).

Henry's motion for IFP is GRANTED.  The district court's dismissal as frivolous of Henry's claims concerning interval of parole review, race discrimination, the RA, and the alleged denial of good time and street time credits are AFFIRMED.  The district court's dismissal as frivolous of Henry's 42 U.S.C.

§ 1983 supervisory-parole-fee claim and ADA claim is VACATED and REMANDED.

MOTION FOR IFP GRANTED; AFFIRMED IN PART; VACATED AND REMANDED IN PART.