IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10523
Summary Calendar
_____

DUC CANH PHAN,

                                        Plaintiff-Appellant,

versus

JOSEPH K. PRICE, Warden; RICHARD CURRAN, Major,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-427
--------------------
September 16, 2002

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

    Duc Canh Phan, Texas prisoner # 668395, appeals from the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for
failure to state a claim.  The issue on appeal is whether the
district court erred in determining that Phan had failed to state
a claim under the due process and equal protection clauses based
on a deprivation of his property pursuant to prison policy.  We
review a dismissal for failure to state a claim pursuant to 42

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. § 1915(e)(2)(B)(ii) de novo. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

Phan has not stated a claim under the Equal Protection Clause because he has not alleged that he was treated differently from similarly situated individuals nor has he alleged facts which would support a finding that the alleged unequal treatment stemmed from discriminatory intent. See Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001).

He has also failed to state a due process claim. Phan alleges that he has been deprived of his property, without due process of law, by the unauthorized actions of prison officials; therefore, a post-deprivation tort cause of action in state law is sufficient to satisfy the requirements of due process. Sheppard v. Louisiana Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989). Texas provides adequate postdeprivation remedies. Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983).

Phan's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2. Phan is informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Phan that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

DISMISSED; Motion for restraining order DENIED;
THREE-STRIKES WARNING ISSUED.