**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**March 17, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60818
Summary Calendar

_____

STEVEN STANLEY,

Plaintiff-Appellant,

versus

JOE STUART; LORANCE LUMPKIN; CLAIBORNE
MCDONALD; THOMAS SCHWARTZ; SHERIFFS
DEPARTMENT, Pearl River County,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CV-644-GRo
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Steven Stanley, Mississippi prisoner # R5821, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief can be granted. He concedes that the majority of his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), but he maintains that the district court wrongly dismissed his action with prejudice. The "preferred

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order of dismissal" under Heck, which was used by the district court, dismisses barred claims "with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Stanley also asserts that the district court wrongly dismissed pursuant to Heck his challenges to the improper seizure of his personal property. To the extent that Stanley is raising a substantive due process claim, the issue would arise under the Fourth Amendment and Stanley is challenging actions taken at the time of his arrest, which may call into question the validity of his conviction. See Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995). To the extent that Stanley is arguing that the defendants denied him procedural due process through the unauthorized seizure of his personal property, the claims are barred by the Parratt/Hudson doctrine. See Sheppard v. Louisiana Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989). The judgment of the district court is AFFIRMED.