United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41268
Summary Calendar

MICHAEL FORD,

Plaintiff-Appellant,

versus

PHILLIP JONES; ROBERT FORD; GREGORY WINGATE; WILLIAM DUGGER;
KELVIN SCOTT; JAMES CHAPMAN; THOMAS CARROLL; KELLI WARD;
SUSAN SCHUMACHER; MELVIN TRAHAN; MICHAEL GEERDES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:02-CV-626
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Ford, Texas prisoner # 557415, proceeding pro se and
in forma pauperis (IFP), appeals the district court's dismissal
of his civil rights complaint filed pursuant to 42 U.S.C. § 1983
as frivolous. Ford alleged in his complaint that his
constitutional rights were violated when, in response to his
threat to file a grievance, various Texas Department of Criminal
Justice (TDCJ) officials retaliated by forcing him to remain in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

outdoor recreation for three hours without a jacket on February 1, 2002. He also alleged that his constitutional rights were violated when TDCJ officials failed to properly investigate the loss of his radio while it was under TDCJ control.

Ford first argues that the district court abused its discretion in determining that he did not state a cognizable retaliation claim. As Ford correctly contends, his allegation that officials refused to provide him with a jacket or allow him to return to his cell as a result of his threat to file a grievance was sufficient to allege a violation of a constitutional right. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989). In addition, Ford's contention that he was left outside in below-45-degree weather without a jacket, whereas other inmates were left outside for only an hour without jackets, was sufficient to set forth a retaliatory adverse act. See Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003). Furthermore, Ford's allegation that an official responded to his threat to file a grievance by telling him that he would be left outside to freeze until he came back to get him and Ford's allegation that he then was left outside for two hours longer than other inmates stated a "chronology of events" sufficient to viably allege retaliatory motive and causation. See id.; Woods, 60 F.3d at 1166. Ford has alleged facts sufficient to support a retaliation claim, and, thus, the district court abused its discretion in dismissing the

claim. Accordingly, we VACATE the district court's dismissal of this claim as frivolous and REMAND this case to the district court for further proceedings in accordance with this opinion.

Ford also argues that the district court erred in determining that prison officials did not violate the Eighth Amendment's prohibition against cruel and unusual punishment when they intentionally left him outside in the cold weather throughout the winter of 2001 and 2002 without a jacket. However, because Ford has not shown that the deprivation resulted in "the denial of the minimal civilized measures of life's necessities," the district court did not abuse its discretion in dismissing the claim as frivolous. See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999). Accordingly, the district court's dismissal of this claim as frivolous is AFFIRMED.

Ford contends that the district court erred in dismissing his claim that prison officials lost his radio while it was in their custody. Because Texas has adequate postdeprivation remedies for the confiscation of property, such as a tort action for conversion, Ford may not bring a federal claim for deprivation of property through the "random and unauthorized" acts of government officers. Sheppard v. La. Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989); Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983). Ford conclusorily asserts that a prisoner cannot bring a claim in justice court or small claims court because those courts do not have the authority to issue a bench

warrant that the state prison system is obligated to follow.

However, he does not indicate that he has attempted to file such

an action, much less that the court's inability to issue a bench

warrant actually prevented him from pursuing it.  Accordingly,

the district court did not abuse its discretion in dismissing

this claim as frivolous, and the district court's dismissal of

this claim is AFFIRMED.

Ford's motion for appointment of counsel on appeal is

DENIED.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir.

1982).

AFFIRMED IN PART, VACATED AND REMANDED IN PART; MOTION

DENIED.