# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2012

Lyle W. Cayce
Clerk

No. 12-10187
Summary Calendar

JIM B. ESTES, also known as Catfish Jim Estes, also known as Jim Estes, also known as J.B. Estes, also known as James Byers Estes, Jr.,

Plaintiff-Appellant

v.

NFN CAMARGO, Correctional Officer IV; TRACY HARDY, Correctional Officer V,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-302

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jim B. Estes, Texas prisoner # 1003415, appeals the dismissal of a 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).  The complaint alleged that, on separate occasions, each of the defendants confiscated or discarded items of his personal property in violation of prison regulations.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court concluded that the complaint lacked an arguable basis in law because the alleged confiscations were random and unauthorized deprivations for which Texas provides an adequate civil remedy. The allegations that the defendants failed to comply with prison procedures for confiscating property did not, without more, allege a constitutional violation.

We review the dismissal of a complaint under § 1915A(b)(1) de novo, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Green v. Atkinson*, 623 F.3d 278, 279 (5th Cir. 2010). Our review of the dismissal of a civil rights complaint as frivolous pursuant to § 1915(e)(2) is for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Estes alleges that defendant Camargo discarded some of his belongings as trash and that Officer Hardy confiscated several items without making an inventory or giving him a receipt. He also states in his brief that Officer Hardy violated Texas Department of Criminal Justice procedures by failing to investigate a disciplinary charge; however, we do not address this issue as Estes did not raise it in his district court pleadings. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

We conclude that the *Parratt/Hudson*[1] doctrine bars Estes's deprivation of property claims. *See Caine v. Hardy,* 943 F.2d 1406, 1413 (5th Cir. 1991) (en banc). Taken together, *Parratt* and *Hudson* hold that a claim of wrongful deprivation of property resulting from the "random and unauthorized" acts of a state officer, whether negligent or intentional, fails if there is an adequate state post-deprivation remedy that satisfies the requirements of due process. *Sheppard v. Louisiana Bd. of Parole,* 873 F.2d 761, 763 (5th Cir. 1989) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533-35 (1984)). Texas has adequate post-

---

[1] *Hudson v Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986), .

deprivation remedies for the confiscation of prisoner property.  *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *see also* TEX. GOV'T CODE ANN. art. 501.007.  The defendants' alleged failure to adhere to prison procedures for confiscating property does not establish a due process violation.  *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989).  Thus,  the district court did not err in concluding that Estes's claims lack an arguable basis in law.  *Id.; Murphy*, 26 F.3d at 543-44.

The dismissal of the complaint in this case counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Estes has received at least two other § 1915(g) strikes, as he has had at least two prior cases dismissed with prejudice as frivolous or for failure to state a claim for relief.  *See Estes v. Arnold*, No. 2:11-CV-0301 (N.D. Tex. 2012); *Estes v. Bell*, No. 2:07-CV-0024 (N.D. Tex. 2007).  As Estes has accumulated three § 1915(g) strikes, he is BARRED from proceeding IFP in any new civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).  Estes is also WARNED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.  He should review all pending matters to ensure that they are not frivolous.

AFFIRMED; SANCTION WARNING ISSUED.