# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2021

Lyle W. Cayce
Clerk

No. 20-40089
Summary Calendar

Abelino Hernandez,

*Plaintiff—Appellant*,

*versus*

Emmanuel Egwe; Timothy Myers,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:19-CV-168

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Proceeding *pro se* and *in forma pauperis*, Abelino Hernandez, Texas prisoner # 1954219, challenges the dismissal, for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (i), of his complaint pursuant to 42 U.S.C. § 1983.   Hernandez maintains he suffered an

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40089

unconstitutional deprivation of property when Officer Egwe violated prison procedure for packing inmate property, resulting in the theft of several of Hernandez' possessions.

Adopting a magistrate judge's report and recommendation, the district court dismissed Hernandez' complaint for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e).  Because the court referred to both statutory provisions, our review is *de novo*.  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  A claim is frivolous if it lacks any arguable basis in law or fact.  *Id.*

Hernandez is prevented by the *Parratt-Hudson* doctrine from pursuing a confiscation-of-property claim pursuant to § 1983.  *See Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  *Parratt* and *Hudson*, considered together, hold when plaintiff alleges a deprivation of property without due process of law "by the negligent or intentional actions of a state officer that are *random and unauthorized*", a post-deprivation tort cause of action in state law is sufficient to satisfy due-process requirements.  *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (citation and internal quotation marks omitted) (emphasis in original).  Hernandez' complaint alleged the deprivation of his property was random and unauthorized by applicable prison procedure, and he does not dispute the court's finding in this regard.  Accordingly, Texas has adequate post-deprivation remedies—such as the tort of conversion—for the confiscation of a prisoner's property.  *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994) ("A state's failure to follow its own procedural regulations does not constitute a violation of due process . . . if constitutional minima have nevertheless been met.") (cleaned up).

2

No. 20-40089

The district court's dismissal of Hernandez' complaint counts as one strike under 28 U.S.C. § 1915(g). *See Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 241 (5th Cir. 2020). The instant appeal is similarly meritless and is, therefore, dismissed as frivolous and counts as a second strike. *See* 5TH CIR. R. 42.2. Hernandez is warned: if he accumulates three strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious bodily injury. *See* 28 U.S.C. § 1915(g).

DISMISSED; Strike warning ISSUED.