# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2021

Lyle W. Cayce
Clerk

No. 20-40607
Summary Calendar

Abelino Hernandez,

*Plaintiff—Appellant*,

*versus*

Karry Cooper,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:19-CV-167

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:*

Proceeding *pro se* and *in forma pauperis*, Abelino Hernandez, Texas prisoner #1954219, challenges the dismissal, for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), of his 42 U.S.C. § 1983 complaint.  Hernandez maintains that he suffered an unconstitutional depri-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

vation of property when Officer Karry Cooper violated prison procedure for packing inmate property, resulting in the theft of several of Hernandez's recently purchased stamps. Our review is *de novo*. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

Hernandez is prevented by the *Parratt-Hudson* doctrine from pursuing a confiscation-of-property claim using § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). *Parratt and Hudson*, considered together, hold that when a plaintiff alleges a deprivation of property without due process of law "by the negligent or intentional actions of a state officer that are *random and unauthorized*," a post-deprivation tort cause of action in state law is sufficient to satisfy due process. *Sheppard v. La. Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (internal quotation marks and citation omitted).

Hernandez's complaint alleged that the deprivation of his property was random and unauthorized by applicable prison procedure. Texas has adequate post-deprivation remedies—such as the tort of conversion—for the confiscation of a prisoner's property. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994). Therefore, the district court did not err in its determination that the complaint was frivolous and failed to state a claim. *See Samford*, 562 F.3d at 678.

For the first time on appeal, Hernandez contends that his grievances were not properly investigated because the video footage was not examined. We do not consider issues raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Because Hernandez has not shown that the district court erred in dismissing his claims, he has not established that he will present a non-frivolous issue on appeal, so the appeal is DISMISSED as frivolous. *See* 5TH CIR.

No. 20-40607

R. 42.2; *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983).

The dismissal of the appeal and the district court's dismissal of the complaint count as two strikes under 28 U.S.C. § 1915(g). *See* 5TH CIR. R. 42.2; *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 241 (5th Cir. 2020). Hernandez has previously garnered two additional strikes, for a new total of four. *See Hernandez v. Egwe*, No. 20-40089, at 3 (5th Cir. Mar. 23, 2021) (unpublished). He is therefore barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).