United States Court of Appeals,
Fifth Circuit.

No. 94-50368

Summary Calendar.

Dottie CATHEY, Plaintiff-Appellee,

v.

Dennis GUENTHER, et al., Defendants,

Lance Van Horn, Defendant-Appellant.

March 13, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This appeal arises from the district court's denial of qualified immunity to police chief Van Horn of Granite Shoals, Texas. The court's interlocutory order on that point of law does not, however, reflect the real significance of this case. The facts before us illustrate a common misperception that the United States Constitution offers a remedy for every conceivable controversy between a citizen and government officials.

Dottie Cathey loved cats and dogs, a number of which she nurtured at her house. Her neighbor, Dennis Guenther, loved birds, which he watched at his feeders, and he liked to keep his house and yard neat and orderly. As citizens of Granite Shoals, they shared a common problem: stray animals. Granite Shoals is too small to maintain an animal pound, so stray dogs and cats roam about, defecating in Guenther's yard, boldly attacking his trash cans,

although they were stored in a screen-enclosed porch, and fighting at all hours of the day and night. Both cats and dogs committed these trespasses, to Guenther's dismay.

Guenther asked the town police chief for advice on several occasions. The testimony conflicts over exactly what he was told. As Cathey describes it, Chief Van Horn informed Guenther that he could shoot stray animals on his property if they were damaging it. If this is accurate, Van Horn's advice may have contradicted two municipal ordinances, one preventing the discharge of firearms inside the town and the other prohibiting cruelty to animals. Van Horn denies any such intemperate language and insists that he qualified his advice carefully. He asserts he told Guenther to determine first whether the animals were really homeless and second, to trap them or spray them with water, not to shoot them.

Whatever the truth of the matter, Cathey claims that Guenther shot and killed her little black cat when it strayed onto Guenther's property one afternoon.

To Cathey, Guenther's foul deed demanded retribution to the fullest extent of the law. She preferred criminal complaints against him and then filed suit against Guenther, Van Horn, police officer Arther and the Town of Granite Shoals in state court, seeking damages under state common law and federal constitutional provisions. The public defendants removed the case to federal court, some discovery took place, and Van Horn moved for summary judgment on the basis of qualified immunity. The district court, expressing serious misgivings that a case of this sort ought to be

2

tried in federal court, nevertheless felt compelled to deny qualified immunity. The court's decision focused on the ambiguity in the evidence regarding what Chief Van Horn told Guenther he could do to get rid of stray animals.

In our view, proper analysis of this case begins at an earlier point. Cathey alleges a deprivation of her property, *i.e.* her cat,[1] without due process of law. She asserts that Chief Van Horn effected "a taking" of the property without due process by advising Guenther, contrary to local ordinances, that Guenther could shoot stray animals on his property.[2] The Supreme Court has instructed us to consider, before the question of qualified immunity, whether the plaintiff's complaint states a cognizable constitutional cause of action. *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Contrary to the district court's assumption, Supreme Court opinions have foreclosed a procedural due process claim in this sort of case.

Ordinarily, the state may not take property from an individual without providing pre-deprivation notice and a hearing. *Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 984, 108 L.Ed.2d 100 (1990) ("usually" Constitution "requires some kind of hearing *before* the state deprives a person of liberty or property"). Some types of takings, however, cannot fairly be

---

[1]A pet animal is property in Texas. Tex.Prop.Code Ann. § 42.002(a)(11).

[2]Cathey also alleges denial of equal protection of the laws under the 14th amendment. Since she concedes that the issue was not raised in the district court, we find it waived.

attributed to the state because they represent the random and unauthorized actions of state actors. Thus, in *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Supreme Court held that no § 1983 claim exists if a person's property has been taken by such random and unauthorized conduct and if the state provides an adequate post-deprivation remedy, for instance, in state tort law. *Id.* at 533, 104 S.Ct. at 3203-04. "[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a [constitutional] violation ... if a meaningful post-deprivation remedy for the loss is available.")

As Cathey's pleadings demonstrate, Texas common law supplies several causes of action to remedy Chief Van Horn's unlawful "taking" of her cat. The adequacy of state post-deprivation remedies founded on these remedies is not at issue. Absent such an argument, however, no state action sufficient to support a constitutional claim has occurred. *Id.* ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Cathey insists, without benefit of supporting authority, that *Hudson* does not apply because Van Horn's action could not have been random or unauthorized because he was the police chief. We disagree. The scope of his authority is gauged by state law, *Jett v. Dallas Independent School Dist.,* 491 U.S. 701, 737, 109 S.Ct. 2702, 2723-24, 105 L.Ed.2d 598 (1989), and we fail to discern any authorization for the police chief to give private citizens legal

4

advice directly contrary to the laws he must enforce.  Without a link to state practice or procedure, in the narrow context of deprivations of property, *Hudson* forecloses any federal constitutional claim and compels the grant of summary judgment on behalf of Chief Van Horn.[3]

The order of the district court denying qualified immunity to Chief Van Horn is reversed, and the case is remanded with instructions to dismiss the federal constitutional law claims against him.

REVERSED and REMANDED with INSTRUCTIONS.

---

[3]Cathey also maintains that by instructing Guenther to shoot at stray animals, Van Horn placed her in danger.  No state, however, has an affirmative duty to protect its citizens unless the state imposes some restraint on personal liberty increasing the danger to the individual. *DeShaney v. Winnebago County Dept.,* 489 U.S. 189, 199-200, 109 S.Ct. 998, 1005-06, 103 L.Ed.2d 249 (1989).  Cathey has failed to allege a state-created condition distinct from other members of the general public.