IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21154
Summary Calendar
_____

ROBERT JAMES BARNETT,

Plaintiff-Appellant,

versus

THE UNITED STATES SECRET SERVICE;
ELIZABETH HUERTA; BOB ROBERTS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-3884
--------------------
September 4, 2001

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Robert James Barnett, Texas prisoner # 314835, appeals the

district court's summary judgment granted in favor of the

defendants, Elizabeth Huerta and Bob Roberts, on his claims

relating to the legality of his arrest, confinement, and

prosecution for forgery. Barnett contends that the agents lacked

probable cause to effectuate his arrest and that they were

therefore not entitled to qualified immunity. The statements of

Barnett's coconspirators were sufficiently detailed,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corroborated each other, and included statements against penal interest, supporting a finding that the statements were reliable and establishing probable cause to seek an arrest warrant. See United States v. Webster, 162 F.3d 308, 331 (5th Cir. 1998) (direct criminal appeal); United States v. Mitchell, 31 F.3d 271, 275 (5th Cir. 1994)(same); United States v. Satterwhite, 980 F.2d 317, 323 (5th Cir. 1992)(same). The fact that one coconspirator recanted her story after Barnett's arrest does not affect the finding of probable cause because the relevant time frame is the time of arrest. Richardson v. Oldham, 12 F.3d 1373, 1381 (5th Cir. 1994). Barnett also contends for the first time before this court that Huerta lied in her criminal complaint about finding counterfeit money in Barnett's possession. New allegations cannot be raised and will not be addressed for the first time on appeal. Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000). The agents had probable cause to effectuate Barnett's arrest. Because probable cause existed to support the arrest, Barnett's state-law claims of false arrest, false imprisonment, and malicious prosecution must fail. See Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982); Brown v. Lyford, 243 F.3d 185, 189 (5th Cir.), petition for cert. filed (U.S. May 21, 2001)(No. 00-1743).

Barnett contends that the district court improperly failed to address his assertions that his personal property was improperly seized pursuant to his arrest and has not been returned to him despite the dismissal of the charges. To the

extent that these claims were within the scope of the remand order of this court, they must fail. When a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligence or intentional actions of a state officer that are "random and unauthorized," a postdeprivation tort cause of action in state law is sufficient to satisfy the requirements of due process. Sheppard v. La. Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989)(quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984). Texas has adequate postdeprivation remedies for the confiscation of property. See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995). Therefore, Barnett has failed to show that he can raise his claims of the alleged unauthorized seizure of his personal property.

Barnett contends that the district court erred in denying his requests for discovery. Because qualified immunity is a defense from both liability and suit, the agents were entitled to a ruling on their defense before answering discovery requests. See Heitschmidt v. City of Houston, 161 F.3d 834, 840 (5th Cir. 1998). Barnett also contends that he was denied his right to a jury trial, which he requested. The district court was entitled to grant summary judgment upon a showing of the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c). Barnett therefore was not entitled to a jury trial. The district court's judgment in favor of the defendants is therefore AFFIRMED.