IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10480
Conference Calendar
_____


PETER PANOV,

                                        Plaintiff-Appellant,

versus

CHRISTOPHER MORRIS,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-167
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Peter Panov, Texas prisoner # 791587, appeals the district
court's dismissal of his 42 U.S.C. § 1983 complaint.  Panov
asserts that the defendant stole his personal and legal property
and that this alleged theft affected his efforts at obtaining
habeas relief.

     The district court did not err in concluding that Panov's
claim for the deprivation of his personal property was frivolous.
See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Harper v.
Showers, 174 F.3d 716, 718 & n.3 (5th Cir. 1999).  Texas has an

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

adequate postdeprivation remedy for confiscation of prisoner property. <u>Cathey v. Guenther</u>, 47 F.3d 162, 164 (5th Cir. 1995).

Panov also has not demonstrated that the district court erred in dismissing his claim of denial of access to the courts. In order to succeed on such a claim, Panov must show that he was prejudiced by the defendant's actions. <u>See Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998). Panov has failed to do so.

Panov's appeal is without arguable merit and is frivolous. <u>See Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. <u>See</u> 5TH CIR. R. 42.2. The dismissal of this appeal and the dismissal as frivolous and for failure to state a claim by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g). <u>See Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996). Panov therefore has two "strikes" under 28 U.S.C. § 1915(g). We caution Panov that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

Panov's requests, incorporated in his brief, for court-appointed counsel and an interpreter are also DENIED.

APPEAL DISMISSED; MOTIONS DENIED; SANCTIONS WARNING ISSUED.