IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————————

No. 01-20529
Conference Calendar

—————————————————

RODNEY LEE McDOWELL,

                                        Plaintiff-Appellant,

versus

CORNELL CORRECTIONS INC.; CORNELL CORPORATION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-335
--------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Rodney Lee McDowell, a Texas prisoner (# 649018), appeals
the district court's <u>sua</u> <u>sponte</u> dismissal of his 42 U.S.C. § 1983
civil rights action under 28 U.S.C. § 1915A as frivolous.

    McDowell argues that the defendant corrections corporations
violated his rights by depriving him of more than $1,000 worth of
personal property.  The district court did not err in concluding
that such claim was legally frivolous, <u>see</u> <u>Ruiz v. United States</u>,
160 F.3d 273, 274 (5th Cir. 1998), because Texas law provides an
adequate postdeprivation remedy to plaintiffs whose property has

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

been lost, damaged, or taken by the "random and unauthorized" actions of a state officer.  See Parratt v. Taylor, 451 U.S. 527, 541-44 (1981) (overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); see Hudson v. Palmer, 468 U.S. 517, 533 (1984); Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995).

McDowell's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, McDowell's appeal is DISMISSED.  See 5TH CIR. R. 42.2.  The dismissal of his current complaint as frivolous and this court's dismissal of this appeal as frivolous both count as "strikes" pursuant to 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  This court has also dismissed as frivolous at least two of McDowell's prior appeals, which count as third and fourth strikes.  See id.; McDowell v. Brooks, No. 95-40295 (5th Cir. June 28, 1995) (unpublished); McDowell v. Brook, No. 96-50703 (5th Cir. Jan. 22, 1997) (unpublished).  Because McDowell has accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.