IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-40487
Conference Calendar

———————————

EDWARD J. MURRAY,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Executive Director Texas Department Criminal
Justice-Institutional Division, sued in individual capacity;
J. E. Alford, Senior Warden, sued in individual capacity;
JOEL BARBOSA, Sergeant Gang Intelligence, sued in individual
capacity; ARMANDO ALANIZ, Correctional Officer III Gang
Intelligence, sued in individual capacity; PATRICIA ADAMS,
Property Officer, sued in individual capacity; PRISCILLA DALY,
Regional Grievance Investigator, sued in individual capacity;
KELLI WARD, Regional Grievance Investigator, sued in individual
capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CV-240
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Edward J. Murray ("Murray"), Texas state prisoner # 868512,

appeals the district court's dismissal of his 42 U.S.C. § 1983

complaint.  Murray asserts that the defendants violated prison

policy by confiscating his family photographs and classifying the

pictures as pornography.

———————————

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court did not err in concluding that Murray's claim for the deprivation of his personal property was frivolous. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998). Texas has an adequate postdeprivation remedy for confiscation of prisoner property. Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983).

Murray's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal and the dismissal as frivolous and for failure to state a claim by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Murray therefore has two "strikes" under 28 U.S.C. § 1915(g). We caution Murray that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.