IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20246
Summary Calendar
_____


RANGE WALDRUP, JR

       Plaintiff - Appellant

   v.

ROBERT QUADA, JR; MARTHA BLACKBURN; EDNA LARPENTEUR; SYLVIA
PIASTA; RICHARD THALER; TIMOTHY SIMMONS; CRAIG PRICE; ROBERT
CHANCE

      Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-4366
--------------------
August 19, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Range Waldrup, Jr., TDCJ-ID #548426, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous.

Waldrup alleged that: 1) the warden conspired with a judge to

dismiss a prior 42 U.S.C. § 1983 complaint; 2) he was retaliated

against for filing prior complaints; 3) he was denied access to

legal materials and a requested copy of a disciplinary report;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

4) mail room workers tampered with his legal mail; 5) he was denied recreation privileges; 6) prison officials did not act to prevent a physical attack against him; 7) he is being illegally confined; and 8) he has been denied medical treatment.

Waldrup has not addressed his claims of conspiracy and denial of recreation on appeal.  Issues not adequately argued in the brief are deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

To establish retaliation, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).  "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'"  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)(citation omitted).  Waldrup has failed to allege direct evidence of motivation or facts from which retaliation may be inferred.

To establish a violation of his right of access to the courts, a prisoner must allege that his position as a litigant was prejudiced.  See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  Waldrup has not shown that his position as a litigant in a particular case was prejudiced by the actions of the law library supervisor.

Interference with a prisoner's legal mail also may violate the constitutional right of access to the courts. Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993). To state a claim of interference with the mail, a plaintiff must show actual injury. See Walker, 4 F.3d at 413. Waldrup's letters were marked "return to sender," and officials admitted one letter was opened by negligence or mistake, while another was opened in Waldrup's presence. He offers no evidence that other letters that were allegedly opened were opened in the prison mailroom. At most, Waldrup has shown that any tampering interfered with his opportunity to retain a particular attorney, because he acknowledged that he had contacted other attorneys.

Waldrup's claims that various supervisors should have transferred him to prevent a physical attack were raised in his prior complaint and were properly dismissed. See Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989). His claim regarding the confiscation of a gold chain is without merit; when a plaintiff alleges that he has been deprived of his property without due process of law by negligent or intentional actions of a state officer that are "random and unauthorized," a postdeprivation tort cause of action in state law is sufficient to satisfy due process. Parratt v. Taylor, 451 U.S. 527, 541-44 (1981) (overruled in other part, Daniels v. Williams, 474 U.S. 327 (1986)); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Texas has adequate postdeprivation remedies for the confiscation of

prisoner property, such as a tort action for conversion. See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995)

Waldrup's assertions that he is being illegally confined and that he was convicted by "planted" evidences are attacks on his conviction and cannot be considered in a 42 U.S.C. § 1983 proceeding. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996). To the extent this claim seeks to recover money damages for illegal confinement, it is improper under Heck v. Humphrey, 512 U.S. 477 (1994).

Negligence and medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with his medical treatment does not establish a constitutional violation. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Waldrup disagreement with the decisions of prison medical personnel is insufficient to establish a constitutional violation. See Varnado, 920 F.2d at 321.

The district court's dismissal of Waldrup's complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Waldrup is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; MOTIONS DENIED; SANCTIONS WARNING ISSUED.