IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10684
Conference Calendar
_____


WARREN PIERRE CANADY,

                                        Plaintiff-Appellant,

versus

GARY D. GIFFORD, Property Officer,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-68
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

      Warren Pierre Canady, Texas prisoner # 723784 ("Canady"),

appeals the district court's dismissal of his pro se, in forma

pauperis ("IFP"), 42 U.S.C. § 1983 complaint as frivolous and for

failure to state a claim.  Canady's complaint sought compensation

for lost toiletries and other personal property valued at $27.90.

      The district court did not err in dismissing Canady's

deprivation-of-property claim as frivolous and for failure to

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

state a claim.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984).
Texas has an adequate postdeprivation remedy for confiscation of
prisoner property.  Cathey v. Guenther, 47 F.3d 162, 164 (5th
Cir. 1995).  The fact that Canady unsuccessfully pursued such
remedy does not render the remedy inadequate.

Canady's appeal is without arguable merit and is frivolous.
See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).
Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR.
R. 42.2.

The dismissal of this appeal and the district court's
dismissal each count as a "strike" for purposes of 28 U.S.C.
§ 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th
Cir. 1996).  This court previously has imposed the three-strikes
bar against Canady.  See Canady v. Thaler, No. 02-20322 (5th Cir.
Aug. 21, 2002) (unpublished).  Canady is admonished that he may
not proceed IFP in any civil action or appeal filed while he is
incarcerated or detained in any facility unless he is under
imminent danger of serious physical injury.  See 28 U.S.C.
§ 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED.