United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30984
_____

DANIEL TURNER,

Plaintiff-Appellant,

versus

HOUMA MUNICIPAL FIRE AND
POLICE CIVIL SERVICE BOARD,
PAT MCKEY, TIMOTHY WALLACE,
JOHNNY LOPEZ, JOE ROY,
DAVID FALGOUST, CRAIG LANDRY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-152-A
--------------------

Before DAVIS and BENAVIDES, Circuit Judges, and RESTANI,[*]
District Judge.

PER CURIAM:[**]

Appellant Daniel Turner appeals from an adverse summary

judgment rendered in favor of appellees, the Houma Municipal Fire

and Police Civil Service Board and its members in their official

---

[*] Judge, U.S. Court of International Trade, sitting by
designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

capacities ("the Board").  We affirm[1] the judgment of the district court for the following reasons:

1. We find no merit to Turner's argument that the district court erred in permitting the Board to file a motion for summary judgment after the deadline for filing such motions had expired. This Court has previously held that a district court may consider a motion for summary judgment filed after the date set by a scheduling order. *Matter of Caravan Refrigerated Cargo, Inc.*, 864 F.2d 388, 393 (5th Cir. 1989).

2. With regard to the procedural due process claim in issue, Turner failed to pursue fully the remedies available to him in the state court system.  Accordingly, Turner may not now seek relief from the federal courts. *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 541-42 (1981)).

3. Turning finally to Turner's equal protection claim, we find no error in the district court's conclusion that the record cannot support a finding of the Board's liability.  As an initial matter, Turner cannot prove his prima facie case.  In this regard, there is no summary judgment evidence of any similarly-situated individual who committed acts similar to those of Turner but was not punished in a similar manner, as required by *Mayberry*

---

[1] We find no merit to the Board's claims that the doctrines of res judicata, collateral estoppel, or prescription bar Turner's claims.

*v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995) and *Nieto v. L. & H. Packing Co.*, 108 F.3d 621, 623 (5th Cir. 1997). We note that none of the evidence proffered by Turner concerned an individual situated in a position as high-ranking as that which Turner held. Indeed, to the contrary, the Board's summary judgment motion suggests that a white police chief was fired, rather than suspended, as Turner was, for behavior similar to that of Turner. Moreover, the investigation and suspension of Turner was unique in that it followed a determination by a state district court that Turner engaged in illegal behavior. Furthermore, Turner's summary judgment evidence falls woefully short of showing pretext for the Board's suspension. *See Mayberry*, 55 F.3d at 1091.

AFFIRMED.