United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10235
Summary Calendar

BRUCE WAYNE HOUSER,

Plaintiff-Appellant,

versus

RICHARD E. WATHEN; WILLIAM L. BOND; JOSEPH C. BOYLE;
HOWARD W. ISAACS; CATHERINE M. MILLORENES;
DOUGLAS J. WILKINSON; SUSAN SCHUMACHER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(7:01-CV-222-R)
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Bruce Wayne Houser, Texas prisoner number 460890, appeals the district court's dismissal of his civil rights suit as frivolous in accordance with 28 U.S.C. § 1915A(b)(1). Houser argues that the district court erred in determining that his claims were frivolous and in dismissing his suit without giving him notice that it intended to do so. We review such dismissals for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse of discretion.  See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

Houser contends that the district court erred in dismissing his conspiracy claim.  Houser did not, however, allege that the purported conspiracy against him was motivated by improper bias, or that he was a member of a protected class.  See Holdiness v. Stroud, 808 F.2d 417, 424 (5th Cir. 1987).  Even if he had made such an allegation, his conclusional assertions would be insufficient to set forth a viable claim.  See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986).  Houser has not shown that the district court abused its discretion in determining that this claim was frivolous.

Houser likewise has not shown that the district court abused its discretion in dismissing his claim of denial of access to courts on the ground that he did not allege that he suffered any specific prejudice as a result of the defendants' alleged improper acts.  See Lewis v. Casey, 518 U.S. 343, 349-51 (1996); Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992).  Houser has waived the issue whether the district court erred in determining that his retaliation claim was untimely by failing to brief it.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court properly determined that Houser was required to show that his disciplinary convictions had been overturned before he challenged both the convictions and the resulting punishments in a civil rights action.  See Edwards v.

<u>Balisok</u>, 520 U.S. 641, 646-48 (1997). To the extent that Houser is attempting to raise an Eighth Amendment claim for the first time in this appeal, we decline to consider it. <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999). Houser has not shown that the district court abused its discretion in dismissing his claims challenging his disciplinary convictions and the resulting punishments. Because Houser has not briefed the issue whether the district court erred in determining that his claim related to the disciplinary charge that did not result in conviction was time-barred, this issue is waived. <u>See</u> <u>Yohey</u>, 985 F.2d at 224-25.

Houser has not shown that the district court abused its discretion in dismissing his claim that the defendants improperly seized his personal property. Texas law provides an adequate remedy for claims of wrongful deprivation of property, so that claim is not cognizable in this action. <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 541-44 (1981), <u>overruled in part not relevant here</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>Cathey v. Guenther</u>, 47 F.3d 162, 164 (5th Cir. 1995).

Finally, Houser has not shown that the district court abused its discretion in dismissing his myriad other claims. Accordingly, the judgment of the district court is AFFIRMED.