United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40765
Summary Calendar

MICHAEL J. AUSTIN,

Plaintiff-Appellant,

versus

K. WARD, etc., Et Al,

Defendants,

MICHAEL STARKEY, Assistant Warden;
CLIFTON WARNER, Captain; ELAINA G. FIELD,
Substitute Counsel; KEVIN MAYFIELD,
Lieutenant; CHARLES LIGHTFOOT, Major;
JOHNNY L. WRIGHT, Officer; CARROLL D.
RUSSELL, Officer;

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-349
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael J. Austin ("Austin"), Texas prisoner #661366, appeals

the magistrate judge's grant of summary judgment to the defendants

in his 42 U.S.C. § 1983 civil rights action.  Austin contends that

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the magistrate judge erred in finding that his deliberate indifference and excessive use of force claims against Charles Lightfoot ("Lightfoot"), Johnny L. Wright ("Wright"), and Carroll D. Russell ("Russell") were barred by 42 U.S.C. § 1997e(a) because he failed to exhaust his administrative remedies regarding those claims. Austin asserts that there were disputed factual issues regarding his exhaustion of administrative remedies, that his failure to exhaust should have been excused because he made substantial efforts to exhaust but was prevented from exhausting his administrative remedies by prison officials, and that Lightfoot, Wright, and Russell waived the exhaustion requirement by waiting too long to raise the issue.

Austin argues that the magistrate judge erroneously granted summary judgment to Kevin Mayfield ("Mayfield"), Michael Starkey ("Starkey"), and Clifton Warner ("Warner") on his due process claims because those defendants violated his due process rights by forfeiting $1,200 from his prison trust account without legal authority. Austin additionally maintains that (1) summary judgment was improper because the defendants had not responded to his pending discovery request, (2) he was entitled to sue the defendants in their individual capacities, and (3) the defendants were not entitled to qualified immunity.

We review the magistrate judge's grant of summary judgment *de novo*. See Whittaker v. BellSouth Telecomm., Inc., 206 F.3d 532, 534 (5th Cir. 2000). Summary judgment is proper where the

pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  If the moving party meets its initial burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial.  See FED. R. CIV. P. 56(e).  We review a denial of discovery prior to the grant of summary judgment for abuse of discretion and will affirm such a decision unless it is arbitrary or clearly unreasonable.  Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000).

Austin's arguments are without merit.  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e (2003).  Defendants presented summary judgment evidence showing that Austin had not filed a grievance regarding his claims against Lightfoot, Wright, and Russel, and the magistrate judge correctly found that Austin had not alleged or provided evidence showing that he attempted to file a Step 2 grievance regarding his claim against them.  Because Austin presented no evidence that he filed or attempted to file a Step 2 Grievance regarding his claims against Lightfoot, Wright, and Russell, he did not establish a genuine issue of material fact regarding exhaustion or show that he

made a substantial effort to exhaust his administrative remedies. See Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998). Assuming, *arguendo*, that the exhaustion requirement is an affirmative defense that may be waived, such a waiver would not be applicable in this case because the issue was raised at a pragmatically sufficient time and Austin was not prejudiced by the defendants' failure to raise the issue earlier. See Lafreniere Park Found. v. Broussard, 221 F.3d 804, 808 (5th Cir. 2000).

The forfeiture of $1,200 from Austin's prison trust account did not violate due process even if it was unauthorized because Austin had a meaningful postdeprivation remedy for the forfeiture, such as a state-law tort action for conversion. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995). Considering that Austin does not argue on appeal that the procedures followed during his disciplinary proceedings violated his due process rights, he has waived any such argument. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

As Austin did not explain how the responses to his pending discovery request would have created a genuine issue of material fact, the magistrate judge did not abuse her discretion by granting summary judgment prior to the defendants responding to the discovery request. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990). We need not reach Austin's remaining points of error.

AFFIRMED.