United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-20345
Summary Calendar

RICHARD CORREA, SR.,

Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION;
CYNTHIA A. POPP; RICHARD C. THALER; ROBERT H. QUADA,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-3934)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Correa, Sr., Texas prisoner #1084369, appeals, *pro se*, the dismissal of his civil rights complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This action arises out of the temporary seizure from Correa of the portable programmer for his implanted pulse generator. Correa contends the district court erred by dismissing (1) his retaliation claims under the Americans with Disabilities

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Act, 42 U.S.C. §§ 12101-12213 (ADA), and the Rehabilitation Act, 29 U.S.C. §§ 791-794e (RA); (2) his due process and equal protection claims; and (3) his deliberate indifference claims against Thaler and Popp.

Correa did not state a viable retaliation claim because he did not allege defendants retaliated against him for engaging in a protected activity. *See* **Seaman v. CSPH, Inc.**, 179 F.3d 297, 301 (5th Cir. 1999). Because Correa did not allege he was treated differently from similarly situated prisoners or that defendants engaged in purposeful discrimination to harm an identifiable group, his complaint failed to state an equal protection claim upon which relief may be granted. *See* **Wheeler v. Miller**, 168 F.3d 241, 252 (5th Cir. 1999); **Johnson v. Rodriguez**, 110 F.3d 299, 306-07 (5th Cir.), *cert denied*, 522 U.S. 995 (1997).

Correa did not allege his freedom from restraint was curtailed by defendants; therefore, he did not allege they infringed upon a protected liberty interest. *See* **Sandin v. Conner**, 515 U.S. 472, 484 (1995). And, because Texas law provides an adequate post-deprivation remedy for the unlawful taking of property, Correa's complaint did not state a viable due process claim for the infringement of a protected property interest. *See* **Cathey v. Guenther**, 47 F.3d 162, 164 (5th Cir. 1995); **Sheppard v. La. Bd. of Parole**, 873 F.2d 761, 763 (5th Cir. 1989) (citing **Hudson v. Palmer**, 468 U.S. 517, 533-35 (1984)). Accordingly, Correa's complaint did

not state a due process claim upon which relief may be granted. *See **Blackburn v. City of Marshall***, 42 F.3d 925, 935 (5th Cir. 1995).

Because Correa did not allege Thaler was personally involved in a constitutional deprivation, his complaint did not state a viable deliberate indifference claim against Thaler. *See **Thompkins v. Belt***, 828 F.2d 298, 303-04 (5th Cir. 1987). His contention that Thaler was sufficiently personally involved in a constitutional deprivation pursuant to 42 U.S.C. §§ 1985- 1986 is without merit because he did not allege that Thaler's actions were motivated by racial or class-based invidiously discriminatory animus. *See **Bradt v. Smith***, 634 F.2d 796, 801-02 (5th Cir. Unit A Jan. 1981).

Although Correa alleged facts showing Popp was aware of facts from which she could draw the inference that a substantial risk of harm existed, he did not allege facts showing Popp actually drew that inference. This is, therefore, insufficient to state a claim for deliberate indifference. *See **Farmer v. Brennan***, 511 U.S. 825, 837 (1994). Furthermore, as the interruption of Correa's treatment was brief, any pain Correa suffered as a result of the interruption was insufficient to establish a constitutional violation. *See **Mayweather v. Foti***, 958 F.2d 91, 91 (5th Cir. 1992).

The district court's dismissal of Correa's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See **Adepegba v. Hammons***, 103 F.3d 383, 388 (5th Cir. 1996). Correa is cautioned

that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

*AFFIRMED, SANCTION WARNING ISSUED*

4