United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20495
Summary Calendar
_____

BHAKTA COREY WILSON,

Plaintiff-Appellant,

versus

GARY JOHNSON, Warden; S. SCHUMACHER; KELLI WARD; STAPLES, Warden;
DAVIS, Correctional Officer; WILKERSON, Correctional Officer;
SONSEL, Lieutenant; BOOHER, Sergeant; WEST, Correctional Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-2007
--------------------

Before REAVLEY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Bhakta Corey Wilson, Texas prisoner number 579215, filed the

instant 42 U.S.C. § 1983 suit to seek redress for the alleged

improper seizure and destruction of his property.  The district

court dismissed Wilson's suit as frivolous, and he appeals that

dismissal.  We review this dismissal for abuse of discretion

only.  Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002).  To

raise a cognizable claim under 42 U.S.C. § 1983, one must show

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his constitutional rights were violated by a state actor. Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994).

Wilson has not shown that the district court abused its discretion by dismissing his suit. Because Texas provides an adequate postdeprivation remedy for confiscation of prisoners' property, Wilson's constitutional rights were not implicated by the seizure of his property. See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995); see also TEX. GOVT CODE ANN. § 27.031(b) & § 28.003(a) (Vernon 2004).

To the extent that Wilson attempted to recover from certain defendants under a theory of vicarious liability, the district court did not abuse its discretion in dismissing these claims. See Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999). Because Wilson has not shown that the disputed seizure violated his constitutional rights, he also has not raised a viable claim of supervisory liability. See Roberts v. City of Shreveport, 397 F.3d 287, 291 (5th Cir. 2005); Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). Finally, Wilson's arguments concerning the resolution of his grievances are insufficient to show the violation of a constitutional right. See Geiger v. Jowers, __ F.3d __, 2005 WL 639623 at *2 (5th Cir. Mar. 21, 2005).

Because Wilson has not shown a violation of his constitutional rights, which is an essential element of a 42 U.S.C. § 1983 suit, he has not has not shown that the district

court erred in dismissing his complaint as frivolous.  See Johnson, 38 F.3d at 200.  Accordingly, his appeal is without arguable merit and is therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  This dismissal of a frivolous appeal constitutes one strike against Wilson for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If one other district court action or appeal filed by Wilson is dismissed as frivolous, he will be barred from bringing a civil action or appeal as a prisoner proceeding in forma pauperis unless he is under imminent danger of serious physical injury.  See  28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.  5TH CIR. R. 42.2.  SANCTION WARNING ISSUED.