United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41200
Summary Calendar
_____

RUSSELL STEPHENSON,

                                        Plaintiff-Appellant,

versus

A VELASQUEZ, Warden; HARRISON, Officer;
BENNETT, Lieutenant,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-443
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

        Russell Stephenson, Texas prisoner #432028, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  He maintains

that 28 U.S.C. § 1915(e)(2) was not applicable to this case

because the district court ordered him to pay the full filing fee

in installments.  This contention is without merit.  See 28

U.S.C. § 1915(e)(2).  We review a dismissal as frivolous under 28

U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion.  Siglar v.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A district court abuses its discretion when its decision is based on a legal error or a clearly erroneous view of the pertinent facts. Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1163 (5th Cir. 1994).

Stephenson argues that the district court erred by dismissing his claims for the destruction of his personal property because he cannot bring an action against the State under state law for the deprivation. A prisoner may not bring a federal claim for deprivation of property through the "random and unauthorized" acts of government officers, whether negligent or intentional, when state law provides an adequate remedy. Sheppard v. La. Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989) (quoting Hudson v. Palmer, 468 U.S. 517, 533-35 (1984)). Texas has adequate postdeprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants. See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995). The district court did not abuse its discretion by dismissing Stephenson's claims for the destruction of his personal property as frivolous. See Siglar, 112 F.3d at 193. Accordingly, we affirm this portion of the district court's judgment.

Stephenson contends that his complaint stated a nonfrivolous retaliation claim against Officer Harrison. In his complaint, Stephenson alleged that Officer Harrison harassed him and destroyed his family photographs in retaliation for Stephenson

suing one of his colleagues.  The district court determined that Stephenson's retaliation claim was frivolous because the retaliatory action allegedly taken by Officer Harrison was not an independent constitutional violation.  However, a retaliatory action can be actionable if it is taken in retaliation for the exercise of a constitutional right even if it is not a constitutional violation in the absence of the improper motive.  See Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995).  Stephenson's complaint stated a nonfrivolous claim that Officer Harrison retaliated against him for exercising his right of access to the courts.  See Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003).  The district court abused its discretion by dismissing Stephenson's retaliation claim against Officer Harrison.  See Esmark, 10 F.3d at 1163.  Accordingly, we vacate the district court's dismissal of this retaliation claim and remand for further proceedings in accordance with this opinion.

Stephenson also alleges that Officer Harrison retaliated against him for complaining about his harassment to higher ranking prison officials.  Because Stephenson did not raise this factual allegation below, we have not considered it.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED IN PART, VACATED AND REMANDED IN PART.