# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10453

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2020

Lyle W. Cayce
Clerk

BENJAMIN FRANKLIN,

Plaintiff-Appellant

v.

GLENNA S. BLAIR,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-164

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Benjamin Franklin, Texas prisoner # 01561085, filed a 42 U.S.C. § 1983 complaint against Glenna S. Blair, a prison official in the James V. Allred Unit of the Texas Department of Criminal Justice, alleging that she deprived him of a DVD that he ordered from a Christian bookstore, violating his due process rights, his right to exercise his religion, and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). The district court dismissed one claim in part without prejudice, dismissed his remaining claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with prejudice as frivolous pursuant to 28 U.S.C. § 1915(g), and certified that an appeal would not be taken in good faith.  Franklin now requests leave to proceed in forma pauperis (IFP) on appeal.

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith."  § 1915(a)(3).  Franklin's IFP motion is construed as a challenge to the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  In determining whether a nonfrivolous issue exists, our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  If we uphold the district court's certification, Franklin must pay the filing fee, or the appeal will be dismissed for want of prosecution. *See Baugh*, 117 F.3d at 202.  Alternatively, "where the merits are so intertwined with the certification decision as to constitute the same issue," we may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous. *Id.* at 202 & n.24; *see* 5TH CIR. R. 42.2.

Franklin argues that the district court abused its discretion when it denied his motion to amend his complaint.  The court instructed Franklin that he could file a motion to amend if he included a copy of the proposed amended complaint on the proper form.  However, Franklin failed to do so.  Over a year later, the district court ordered him to answer a questionnaire concerning his claims.  By requesting a more definite statement through a questionnaire, the district court gave Franklin an opportunity to amend his complaint. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).  Therefore, Franklin has not shown that the district court abused its discretion when it denied his motion to amend. *See id.*

No. 19-10453

The district court did not err in holding that Franklin could not raise a claim concerning the deprivation of property in a § 1983 action because he has an adequate postdeprivation remedy of a tort action for conversion under Texas state law. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995). Further, Franklin has not shown that the deprivation of the DVD prevented him from engaging in religious activities or from attending religious services. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Baranowski v. Hart*, 486 F.3d 112, 120-22 (5th Cir. 2007). In addition, Franklin may not recover damages from Blair in her individual or official capacity under the RLUIPA. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 289-90 (5th Cir. 2012). The district court correctly found that although the statute authorizes prospective injunctive relief, Franklin did not seek such relief, and his claims were conclusional. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Finally, to the extent that Franklin is raising new claims for the first time on appeal, this court will not consider new claims or new evidence presented for the first time on appeal. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 372 (5th Cir. 2003); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Franklin has not shown that he will raise a nonfrivolous issue on appeal, and his appeal is frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Franklin's IFP motion is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Franklin's § 1983 complaint in part as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015). Franklin is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in

No. 19-10453

any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.