# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50782
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2020

Lyle W. Cayce
Clerk

KERRON LAVERN OTIS,

Plaintiff-Appellant

v.

TEXAS BUREAU OF CRIMINAL JUSTICE/TDCJ-ID BRIAN COLLIER, in
his official capacity; TEXAS GOVERNMENT GREGG ABBOTT, in his official
capacity; UNITED STATES GOVERNMENT DONALD TRUMP, in his official
capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-375

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Kerron Lavern Otis, Texas prisoner # 1560839, appeals the district
court's dismissal as frivolous of his 42 U.S.C. § 1983 action against Brian
Collier, the executive director of the Texas Department of Criminal Justice
(TDCJ), Greg Abbott, the Governor of Texas, and Donald Trump, the President

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-50782

of the United States, in their official capacities.  Otis argues (1) the district court erred in denying his claims on the ground that the defendants could not be held liable for monetary damages because he sought only injunctive relief; (2) the district court erred in raising Eleventh Amendment immunity sua sponte; (3) the district court erred in holding the defendants could not be held liable as supervisors; (4) the district court erred in finding his claims were time barred; and (5) the district court failed to address his other claims, ignored evidence, and showed bias against him.

The district court did not abuse its discretion in dismissing Otis's claims for monetary damages against Collier and Abbott in their official capacity as barred by the Eleventh Amendment.  *See Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir. 2002) ("[W]e may consider this [sovereign immunity] issue *sua sponte* because it bears on this court's subject matter jurisdiction.").  Moreover, the claims against President Donald Trump were barred by sovereign immunity.  *See Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011).  The district court also did not abuse its discretion in dismissing Otis's claims because they were barred by the applicable two-year statute of limitations, *see Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998), and because Otis failed to allege or show that the defendants participated in the constitutional violations or that they implemented an unconstitutional policy that caused the alleged constitutional violations.  *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

Otis has not shown that the district court abused its discretion by denying his motion to add claims or by denying his claim concerning money allegedly stolen from his prison trust account.  Any claim arising from the loss of Otis's property by TDCJ officers would be barred by the *Parratt/Hudson*

No. 19-50782

doctrine. *See Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding no § 1983 claim exists if a person's property has been taken by random and unauthorized conduct and if the state provides an adequate post-deprivation remedy).   Texas has adequate postdeprivation remedies for the confiscation of prisoner property, such as a tort action for conversion. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995).  Further, Otis has not shown that the district court judge was biased as he has not shown that the judge's rulings were based on an extrajudicial source or showed a high degree of antagonism. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

In addition, Otis alleges that (1) there are three to four daily fires in his building causing smoke and illnesses due to smoke inhalation; (2) he has a rash from feces; and (3) he was wrongfully convicted.  He raised these claims in a motion for a temporary restraining order (TRO), which the district court denied.  The denial of a TRO is not appealable. *See Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999); *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990).

Otis has made no showing of exceptional circumstances warranting appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  Therefore, his motion for appointment of counsel is denied.

The district court's dismissal of Otis's complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  The dismissal of this appeal as frivolous also counts as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 135 S. Ct. at 1762-63.  Otis is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in

3

No. 19-50782

any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

DISMISSED AS FRIVOLOUS; MOTION DENIED; SANCTION WARNING ISSUED.