United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40709
Summary Calendar

PAUL MINIX

Plaintiff - Appellant

v.

WILBUR DIXON, UNIDENTIFIED LINDZEY, UNIDENTIFIED KNEELY,
UNIDENTIFIED CLARK, RITA PARSONS

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-240
--------------------

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Paul Minix, Texas

prisoner # 638154, filed a civil rights complaint pursuant to

42 U.S.C. § 1983 alleging that various prison infirmary officials

had denied him proper medical care and had been indifferent to

his medical needs.  Minix consented to have a magistrate judge

("MJ") decide his complaint.  After conducting a Spears[**]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

hearing, the MJ screened Minix's complaint and dismissed the complaint as frivolous, citing 28 U.S.C. § 1915A(b). Minix now appeals that dismissal.

A review of the record reveals that Minix was seen promptly and frequently by the staff of the Gurney Unit infirmary for his complaints of chest pain and hypertension and was treated conservatively with aspirin therapy. The infirmary staff conducted an EKG test, which suggested a minor abnormality, and also prescribed Zantac for Minix's gastro-esophageal reflux disorder. Because Minix has not shown that the Gurney Unit infirmary staff refused to treat him, ignored his complaints, or intentionally treated him incorrectly, he has not shown that the MJ abused her discretion in dismissing his complaint as frivolous. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); Berry v. Brady, 192 F.3d 504, 506 (5th Cir. 1999); Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

Minix seeks to have this court order that he be transferred to a medical facility whose infirmary is open 24 hours a day. The remedy sought by Minix is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions. See, e.g., Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973); 28 U.S.C. § 1361.

The district court's dismissal of Minix's complaint as frivolous pursuant to 28 U.S.C. § 1915A(b) counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Minix is warned that if he accumulates two more strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

AFFIRMED; REQUEST FOR MANDAMUS RELIEF DENIED; SANCTION - WARNING ISSUED.