# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-20756
Summary Calendar

PAUL MINIX

Plaintiff-Appellant

v.

LAWRENCE STOKER, Grievance Coordinator; SANDRA LEE, Correctional Officer; RUTH NALLEY, Correctional Officer; DIANA CLAY, Assistant Warden; EVELYN BRANHAM, Mailroom Supervisor; CHRISTINA MELTON CRAIN; MICHAEL WATSON, Correctional Officer; LEONARD GARCIA, Prison Inmate; HAROLD HALEY, Captain; SHIRLEY NUNN, Property Officer; D L FINKE, Texas Department of Criminal Justice Assistant Representative; FRANK HOKE, Accessory to Court Supervisor

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2398

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis (IFP), Paul Minix, Texas prisoner # 638154, filed the instant 42 U.S.C. § 1983 suit to seek redress for several alleged improper acts perpetrated upon him by numerous prison officials.  Minix

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequently sought leave to file a supplemental complaint. The district court denied Minix's motion to supplement, dismissed his § 1983 suit as frivolous, and denied his request to proceed IFP on appeal. Minix now requests authorization to proceed IFP on appeal, and he also moves this court for permission to file a supplemental brief. Minix's request to file a supplemental brief is granted.

Minix argues that the district court erred by dismissing the claims raised in his initial complaint as frivolous. He argues that defendants Stoker, Lee, and Nalley refused to file his grievances, retaliated against him, deprived him of his property, and infringed his right of access to courts.

Minix has not shown that the district court erred by concluding that he had no constitutional right to an inmate grievance system. See Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Minix's claims of retaliation are unavailing because they are based on no more than his own conclusional assertions and because he has failed to "allege a chronology of events from which retaliation may plausibly be inferred." See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Whittington v. Lynaugh, 842 F.2d 818, 819 (5th Cir. 1988). Minix's access to courts claim fails because he has not shown that the defendants' acts prejudiced his position in a specific suit. See McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998). Minix's claims concerning deprivation of property fail because Texas has an adequate postdeprivation remedy for confiscation of property. See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995); Sheppard v. La. Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989). Minix has not shown that the district court abused its discretion by dismissing these claims as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Minix contends that Assistant Warden Clay violated his constitutional rights by endorsing the improper acts of other defendants. This claim fails because Minix has not shown that Clay was personally involved in the acts of which he complains. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Minix argues that defendant Branham infringed his rights by retaliating against him, disposing of his property, and interfering with his mail. Minix's claims that Branham retaliated against him are based on nothing more than Minix's own beliefs, which are insufficient to raise a cognizable retaliation claim. See Whittington, 842 F.2d at 819. Minix's contention that Branham wrongly disposed of his property fails to set forth a valid § 1983 claim because the state of Texas provides an adequate avenue of relief for this claim. See Cathey, 47 F.3d at 164; Sheppard, 873 F.2d at 763. Finally, Minix has failed to show that his constitutional rights were infringed with respect to his mail. See Busby v. Dretke, 359 F.3d 708, 722 (5th Cir. 2004); see also Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993).

Minix challenges the district court's denial of his motion to supplement. He argues that his claims were all sufficiently related to be presented in the same suit because they all involve acts that took place on the same prison unit and because he cannot be granted complete relief unless all of these claims are considered in the same suit. Minix has not shown that the district court erred by denying his motion to supplement. See Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 464 (5th Cir. 1998).

Minix has failed to show that he will raise a nonfrivolous appellate claim. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Consequently, his motion to proceed IFP on appeal is denied, and this appeal is dismissed as frivolous. See 5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 n.24.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of Minix's suit as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Minix also earned a strike in a previous suit. See Minix v. Dixon, 80 F. App'x 328, 329 (5th Cir. Nov. 4, 2003). Because Minix now has accumulated at least three strikes, he is barred from proceeding IFP in any civil action or appeal filed

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP MOTION DENIED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.