# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2020

Lyle W. Cayce
Clerk

No. 19-40564
Summary Calendar

Romarcus Deon Marshall,

*Plaintiff—Appellant,*

*versus*

Rafael Menchaca; C. Furr; P. Chapa; M. Blalock,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-44

Before SOUTHWICK, WIENER, and DUNCAN, *Circuit Judges.*

Per Curiam:*

Romarcus Deon Marshall, Texas prisoner # 01043741, filed a 42 U.S.C. § 1983 complaint in which he contended that a prison official took his personal property and had it destroyed and that the available post-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deprivation remedies were rendered inadequate. Moreover, he alleged that the seizure of his property caused him to be denied access to the courts. Marshall further asserted, inter alia, a claim of supervisory liability against other officials based on a failure to train or supervise.

The district court dismissed the § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim. We review the dismissal de novo and apply the standard for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). To the extent that Marshall seeks to challenge the denial of his post-judgment motions that implicated Federal Rule of Civil Procedure 59(e), we review for abuse of discretion. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019).

Marshall argues that the district court erred in finding that he could not raise a constitutional claim for the seizure of his property. He asserts that the state post-deprivation remedies were not available because the defendants, by fraud and deception, prevented him from pursuing those remedies.

The deprivation of a constitutionally protected property interest caused by a state actor's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim unless the state fails to provide an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990); *Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984). The Texas post-deprivation remedies—which include an action for the tort of conversion or an administrative remedy for lost or damaged property—are adequate, *see Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994), and Marshall has not shown otherwise, s*ee Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). The dismissal of his

conversion lawsuit does not show the inadequacy of the remedies, *see Holloway v. Walker*, 784 F.2d 1287, 1293 (5th Cir. 1986), and he has not alleged facts that support that his ability to pursue relief was affected by, inter alia, how the defendants treated his grievances or conducted themselves in the conversion action.

Further, Marshall argues that his right to access the courts was violated. On appeal, he identifies multiple legal actions that he was unable to pursue as a result of his property being seized.

He argues that the taking of his property caused his first motion for leave to file a successive 28 U.S.C. § 2254 application to be denied. He asserted this claim for the first time in a motion under Federal Rule of Civil Procedure 59(e). He has not shown that the district court abused its discretion in finding that there was no basis to alter the judgment on this ground; there is no indication that the taking of his materials implicated his ability to make the showing to obtain leave for authorization a file successive application. *See Lewis v. Casey*, 518 U.S. 343, 351-53 & n.3 (1996); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Likewise, he has failed to explain how the seizure of his items affected his ability to pursue a state action for conversion. *See Lewis*, 518 U.S. at 351-53 & n.3  We do not have jurisdiction to consider his claims that the seizure of his items prevented him from pursuing a writ of mandamus or a second motion for authorization to file a successive § 2254 application. *See Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir.1989); *see also* 28 U.S.C. § 636(b)(1).

Marshall maintains that he alleged a valid claim of supervisory liability based on a failure to train or supervise. He contends that he told supervisory officials about the misconduct surrounding the seizure of his property and that they ratified that wrongdoing by incorrectly disposing of his grievances.

Because Marshall has no right to have his grievances decided in his favor or to have his complaints reviewed pursuant to his preferred process, his claim lacks merit. *See Geiger*, 404 F.3d at 373-74. He otherwise has not alleged a constitutional violation in which the supervisory defendants were involved and has not ascribed to them an unconstitutional policy. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). To the extent that Marshall suggests that the treatment of his grievances affected his ability to access the courts, he has not alleged or set forth facts reflecting a causal link between the denial of his grievances and the supposed constitutional violation. *See Grogan v. Kumar*, 873 F.3d 273, 280 (5th Cir. 2017); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

Marshall contends that he alleged facts to establish a cause of action for fraud. He indicates that the rejection of his grievances was fraudulent because an erroneous policy was invoked to justify the taking of his property. He raised this claim initially in a motion for leave to file an amended complaint submitted after the entry of final judgment.

The district court did not abuse its discretion in denying the motion to amend to add this claim on the basis that the amendment would be futile. *See Rosenzweig*, 332 F.3d at 864. Marshall has inadequately pleaded the elements of a fraud claim. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). To the extent that he contests whether the defendants applied the correct policies in disposing of his grievances, he has not asserted a ground for relief. *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Accordingly, the district court did not err in dismissing Marshall's § 1983 complaint and finding that he was not entitled to the injunctive, monetary, or other relief that he requested. His motion to appoint counsel is denied because this case does not present the exceptional circumstances

required for such an appointment.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Marshall is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED;  MOTION  DENIED;  SANCTION  WARNING ISSUED.